UNITED DISTRICT COURT FOR THE SOUTHERN DISTRICT OF FLORIDA

**Lindaura Ramos, Pro Se.,**
**Janvier Villars, Pro Se**
    Plaintiffs, Property Owners
v.
**Katzman Chandler, P.A.** 2009 - 2019
A for profit association
**First Service Residential** 2016-2017
A for profit management/accounting corporation
**AKAM On-Site** 2017-2018
A for profit management/accounting corporation
**Unlimited Property Management** 2019 to present
A for profit management/accounting corporation
**Liliana Calderon,**
Ass'n Secretary 2017 to present
**Iliana Muxo,**
Ass'n Treasurer 2017 to present
**Mordechai Zarger,**
Ass'n V.President 2017-present_
DEFENDANTS, the Ass'n Illicit Enterprise
AND
**The Buckley Towers Condominium Association**
A Not-for-profit Association
DEFENDANT,
_____/

CASE:



# CIVIL LAWSUIT FOR
## Deceptive Collection Practices and Fraudulent Inducement
### Civil Conspiracy, Tortious Interference, Breach of Fiduciary Duties and Wrongful Foreclosure
### Intentional Infliction of Emotional Distress with Demand for Relief for more than $75,001
### Breach of Third Party Beneficiary Contract
### Conversion and Racketeering "RICO" Practices
## Conspiracy to Interfere with Civil Rights 42 USC Sec. 1983 and 1985
### With <u>Demand for Jury Trial</u>

Pursuant to 28a U.S. Code Rule 60(B)(3), (4)  and 60(D)(3)Relief from judgement based on intrinsic fraud
FL.R.C.P. 1.540(3) Relief from Judgment **for Fraud on the Court** and Against the Defendant
Pursuant to FS 90.104[1], FS 817.155 and Fla.R.Civ.Pro. 1.110(g), 1.210, 1.230, 1.240, 1.260 or 1.180
Request for strict compliance to F.R.Civ.Pro. 26 Discovery

---

[1] FS 90.104   Rulings on evidence. (1)   A court may predicate error, set aside or reverse a judgment, or grant a new trial on the basis of admitted or excluded evidence when a substantial right of the party is adversely affected

**FUNDAMENTAL GOVERNING FACTS**

**1)** Buckley Towers Condominium (hereafter "the Association" or "Ass'n") is a Florida corporation, not-for-profit, and regularly conducting business in Miami-Dade, Florida.  Regulated by the FS 607, FS617, FS718 or FS711.

**2)** The claim of Lien and foreclosure against Defendant, "Ms. Ramos" was filed on behalf of the Association, fraudulently according to the Association Covenants and FS718.

**3)** Defendant, Lindaura Ramos "Ms. Ramos"or "property owner", is sui juris and is a resident of Miami-Dade County, Florida.

**4)** Defendant, Janvier Villars, "Mr. Villars", "property owner" is sui juris and is a resident of Miami-Dade County, Florida.

**5)** Ms. Ramos is a fee simple owner of the real property described as follows (which hereafter shall be referred to "Property"): UNIT NO. 1412 E, BUCKLEY TOWERS CONDOMINIUM, A CONDOMINIUM,

> ACCORDING TO THE DECLARATION OF CONDOMINIUM, INCLUDING ALL OF THE EXHIBITS, RECORDED IN OFFICIAL PUBLIC RECORDS BOOK 6210,  PAGE 329, OF THE PUBLIC RECORDS OF MIAMI-DADE COUNTY, FLORIDA.

**6)** The afore described Property owned by Ms. Ramos is within the area defined by the Association Declaration as constituting the Association, and thereby governed within the restrictive covenants of the Association.

**7)** "as a man is said to have a right to his property, he may be equally said to have a property in his rights." So, Property Rights should equal to the Rights of Property according to James Madison; which the U.S. Constitution 5th Amendment prohibits its seizing or Taking for any public officer use.

**8)** Plaintiffs may claim right, title or interest in and to the subject property by virtue of their asserted status.  Any claimed Property Rights by Mr. Villars, SHOULD NOT BE by any lawful means inferior to the rights provided in the U.S. and Florida Constitution without Due Process or just compensation.

**9)** Pursuant to the U.S. Constitution, "Supremacy Clause", the Association Declaration of 1969 is by NO LEGAL MEANS SUPERIOR to the U.S. or Florida Constitution or Civil Rights.  Therefore, these Plaintiffs, **P**roperty **O**wners here **U**nite to **U**phold their **E**qual **R**ights to bar further intended infringements to Property Rights or Civil Rights, by the Association Declaration or the FS 718.  The non-bargained Ass'n contract by which collaborates with Florida 718 Law to abridge Constitutionally Guaranteed Rights. **This specific matter must be adjudicated in particularity regarding its U.S. Constitutional validity.**

**10)** Pursuant to the Association Declaration, under title "Lien for Assessment" page 16 (Exhibit 1 ), the Association is empowered to assess and collect assessments for common expenses against all Association members' condominium units.

**11)** Pursuant to the Association Declaration, the Association is empowered <u>to file a claim</u> of lien against the owner's Property in the Association "<u>for UNPAID</u> assessment**S**".

**12)** In the Ass'n Declaration, paragraph VI, Section 3, expressly authorizes that any lien RECORD**ED**(*after*)  "shall also secure all costs of collecting the delinquency assessments and reasonable attorney's fees incurred in the collection of such assessments, charges and interests <u>in the enforcement of the lien"</u>.

In "**black letter**" the covenants stipulate that <u>once a</u> (condition) <u>lien is record**ed**,</u>  **then**  additional fees may be collected, thus clearly precluding any right to collect any attorney fees PRIOR to filing the lien. In addition to being prohibited by the Ass'n Covenant pg.33 "Cost of Attorney Fees" clause (EX 17)

**13)** Pursuant to the Association covenants Compliance and Default pg. 32 (Exhibit 2) and the FS718.303 EVERY OWNER member of the Association, regardless of Board Director title, MUST comply with the restrictive covenants and state and federal governing laws.

**14)** The Association is meant to operate <u>by Majority decision of the **17 board directors**</u>, and to ultimately benefit the Association membership/shareholders of the corporation, which includes the member's property rights, privileges and interests.

**15)** The following Defendant Board Officers own property in the Association:

a) **Mordechai Zarger - VPres from 2017- Present**

Property owner of condo units 1301 NE Miami Gardens Drive, Unit: **821W** Folio 30-2205-037-1260, Unit: **PH5W** Folio 30-2205-037-2800, **then as Vice-President he purchased by Quit Claim Deeds under market value the** Unit: 1211W Folio 30-2205-037-1920, Unit: 1224W Folio 30-2205-037-2010, ALL located in Buckley Towers Condominium, Miami, FL 33179.

b) **Liliana Calderon - Board Secretary from 09/2017- Present**

Property owner of condo unit **316W** Folio 30-2205-037-0350 in Buckley Towers Condominium 1301 NE Miami Gardens Drv. Miami FL 33179

c) **Iliana Muxo - Board Treasurer from 09/2017- Present**

Property owner of condo unit **716E** Folio 30-2205-037-3900 in Buckley Towers Condominium 1351 NE Miami Gardens Drv. Miami FL 33179.

**16)** By Virtue of contract with this non-profit corporation Association, the Management company and legal representative are also bound to the same restrictive covenants which they are empowered to enforce on the membership.  That includes the Ass'n Covenant X Restriction pgph 9. Lawful Use, "<u>ALL</u> valid laws...regulations, and <u>ALL Government</u> bodies having jurisdiction SHALL be observed."

**17)** By Virtue of the Law of Agency, each contractor is also bound to the governing laws of the United States and Florida, when conducting or endeavoring any part of their duties for the Association or for or against any of the Association's property member, such as Proper Accounting Practices.

**18)** By Virtue of the Ass'n Declaration, page 6, Powers and Duties of Board Directors (Exhibit 3) and the FS718.111(a)(1) "The Officers and directors of the Association HAVE a fiduciary relationship to the unit owners."  That includes protection against constitutional and contractual infringement on the owners.

**19)** By Virtue of extensive legal representation and collaboration with the Association Officers, both Katzman Chandler law firm/collection agency and the management companies have a third party implied, contractual auxiliary <u>duty of good faith, fair dealing, lawful and care</u> to each member of the Association, in addition to mandatory compliance to all state and federal governing laws or public policies.

**20)** First Service Residential from 2016-2017, AKAM Onsite 2017-2019 and Unlimited Property Management 2019 (hereafter: Mgmt) were hired by the same Board Officers, for the Association, and expected to maintain **Proper Accounting Practices** as accounting professionals, which are bound to the Declaration Declaration, covenants and bylaws as stipulated in "IV. Powers and Duties of Manager" Pgph 9. Manager's Records. (Exhibit 4)

**21)** Defendant, Ms. Lindaura Ramos, is a widow of 65 years of age, alone in this country, immigrant with minimum understanding of English as it is her second language, in the lower-working class and with non-legal background or guidance whatsoever - a socioeconomic disadvantaged elderly person. She is the owner of unit 1412E in Buckley Towers Condominium Association.

22) Ms. Ramos <u>had no other alternative than to</u> ask for financial help from Mr. Villars, because the foreclosure stipulation payments were overwhelming her.  Mr. Janvier Villars, Third-party Plaintiff, assisted her by giving her the money, in exchange of 1% of her property.  Thereby, granting him legal standing on the future interests of the property in Buckley Towers Condominium, unit 1412E, duly recorded in the Miami-Dade county clerk property records.  Attached (Exhibit 5) is the copy of the 1% quit claim deed.  This contractual agreement between Ms. Ramos and Mr. Villars, was <u>imposed on them, in order to help Ms. Ramos Protect her Property</u>, by preventing her defaulting on her undue Foreclosure Stipulation payments; which previously she was only able to meet by taking Cash Advances from her credit cards.

23) Pursuant to the Association, the Directors <u>have</u> absolute contractual or <u>legal right to arbitrarily enforce</u> the Ass'n Covenants, the Florida and U.S. Constitutional laws.  HOWEVER, at intending to deprive members from their right to "acquire, possess and **protect property**," or to enter into contracts, would directly infringe the Florida Constitution Art. I, § 2 and the "contract clause"; without Due Process.  Thereby, also in violation of 42 U.S. Code § 3631(attached Memorandum of Law M5 pg.29).

24) When Ms. Ramos offered to provide proof of all her payments, made to the Association, she was continuously disregarded by the Board Officers (hereafter: the Officers), as well as by the Association management/Accounting companies (hereafter: Ass'n Mgmt) and deliberately by the Association lawyer, Katzman Chandler (hereafter: Katzman); jointly the "**Enterprise**".

25) Because Ms. Ramos does not know how to  write in English a proper legal response to defend against a false debt claim; she kept trying to have the Officers or the Association and Mgmt firm clarify the discrepancy.  They refused claiming that it was "out of their hands" because her account is in "Collections," so she had to address it with Katzman.  She called and left voice messages for Katzman offices to call her back, to arrange a day for her to visit their office to show them her proof of payments,... her calls were never answered.

26) When she tried to present the <u>Best Evidence</u> of payments (her bank receipts, proving to have been cashed by the Association or Katzman) to the Board Officers, they refused to address the issue.  Ultimately, <u>she was ALSO NOT allowed to present them in court either</u>.     **But for**  <u>not affording an attorney</u>   nor being able to force the Enterprise to give access to the Association accounting, so to clear

out this discrepancy, she became their victim.  Due to her intellectual disability of lack of knowledge of the legal defenses provided by her Association bylaws, or for being unaware of the FS 718.116, the Fla.R.Civ. Pro. 1.110(c), 42 U.S. Code § 3631 in the court proceedings, Evidence codes…or even where to plead for help -- Ms. Ramos was unable to defend against this organized white collar illicit practices; so, she became another suspected class victim of this type of illicit Enterprise.

27) This Motion to Vacate is intended to present, by preponderance of material evidence, wanton misconduct by the Officers in confederacy with the management/<u>accounting</u> company and Katzman; **the Enterprise**.

## LEGAL ARGUMENTS
**EACH claim, Averment, Allegation to beIMPLIED as Question of TRUE to prove otherwise.**

28) **Pursuant to the ACCARDI Doctrine**[2] - under the  **Association Lien for Assessment Covenant**[3] (hereafter: <u>Ass'n Covenant</u>); "*The Association shall have a lien on each apartment unit … <u>for UNPAID</u> <u>assessmentS</u>[4] …*"  HOWEVER, considering Ms. Ramos paid her **1** month arrears on March **3**, 2017 **plus** an additional $376 to the Association, **three weeks**  <u>PRIOR to the Enterprise **filing** a Lien</u> on March 27, 2017!

The <u>LACK of</u> "UNPAID AssessmentS" <u>condition</u> bars the Association from imposing on Ms. Ramos a Lien and thereby illegally foreclosing on her property.  Such lien was UNLAWFUL, Discriminatory and Predatory, ab initio.

Legally prosecuting **without** LEGAL STANDING[5] → IS Legally <u>INTENTIONAL FRAUD on the Court</u>.

29) **Also as a Matter of LAW pursuant to FS 718.116  Lien for Assessments** - NO attorney fees should have been added to an already fraudulent lien.

> "…If the unpaid assessments, <u>including those coming due **AFTER** the **claim of lien**</u> is recorded[6], <u>ARE PAID BEFORE the entry of a final judgment of foreclosure</u>, the association **shall not** recover attorney's fees or costs."

**But for Unjust Enrichment reasons**, Katzman concealed material facts of: 1) cashing or receiving the funds while claiming[7] *"[Ms. Ramos] Refuse and failed to make payment, thereby authorizing the filing of the lien…"*    AND   2) their REFUSAL to receive Ms. Ramos proof of payments.  Thereby, knowingly and willfully misrepresenting material facts to defraud the court, in order to obtain this fraudulent

---

[2] Accardi Doctrine states: "When an agency fails to follow its own procedures or regulations, that agency's actions are generally invalid."
[3] Buckley Towers Association Bylaw - Lien for Assessment - Pg.16 True copy attached. Exhibit -- EX 1
[4] AssessmentS allude, in Black Letter, to MORE than ONE late assessment worth $376.00, before imposing encumbrances.
[5] 34 U.S. Code § 10272 Falsification or concealment of facts shall be subject to prosecution under the provisions of section 1001 of title 18.
[6] Per Katzman Chandler's Notice of Intent to Record a Lien, Nov. 15, 2016, their claims were for: Costs for Certified Mail $10.22 + Attorney Fees $212.50 which equals to $232.50.  Easily covered with Ms. Ramos DOUBLE payment of June 2016, on March 3, 2017,   24-Days BEFORE the Enterprise file their lien.  Exhibit -- EX 6
[7] Katzman Billing Summary Report dated October 8th 2018 Exhibit -- EX14

foreclosure.  Which pursuant to FS 673.3111, such ILLEGAL practice disqualifies the lien. Paragraph 33.

**30) According to the FDCPA**[8], neither the Plaintiff nor Katzman Chandler Collection Agency Law Firm had any LEGAL right to collect that false debt,      *a)* by deceiving on the status of the debt,      *b)* by misleading and misrepresentation the character amount in Court to be a  **five-month debt amount**,  *c)* by using legal coercion or      *d)* legal-intimidation to collect the false debt      *e)* and thereby intentionally defrauding the court into foreclosing against Ms. Ramos' home.  Intentionally inflicting, for the past two years, on Ms. Ramos tremendous emotional distress and undue physical anguish.

**31) Under Chapter FS 713.16 LIENS** -- Statements of Account

> (2) "The furnishing of FALSE or FRAUDULENT STATEMENTS = **Deprives the person ...of his or her lien.**" " The <u>negligent inclusion</u> **or** <u>omission</u> OF ANY INFORMATION deprives the person of his lien to the extent the owner can demonstrate prejudice from such act or omission by the lienor."

**32) Pursuant to FS 617.0834,** which applies to non-profit corporation such as the Association,

> "[Officer] is not personally liable for monetary damages to any person for any statement, vote, decision, or failure to take an action, ...**UNLESS** (1)(b)The officer's  <u>breach of</u>, OR <u>failure to perform</u>, his or her duties constitutes:
> *1.* A violation of the criminal law [18 U.S. Code § 1341[9], 895.05, 918.13, 812...], a judgment <u>or other final adjudication</u> against an officer or director ... for violation of the criminal law estops that officer or director from contesting the fact that his or her breach, or failure to perform, constitutes a violation of the criminal law.
> *3.*  <u>Recklessness</u> **or** <u>an act</u> **or** <u>omission</u> that was committed in bad faith or with malicious purpose or in a manner exhibiting wanton and willful disregard of human rights, safety, or property."

**33) FS 673.3111 provides for the protection against frivolous debt claims against property owners**,

> (4) A claim is discharged if the person against whom the claim is asserted proves that within a reasonable time before collection of the instrument was initiated, the claimant, or **an agent of the claimant having direct responsibility with respect to the disputed obligation, knew that the instrument was tendered in full satisfaction of the claim.**

**CONSIDERING,** Ms. Ramos, like most owners in this Association, are NOT given a chance to dispute a debt PRIOR to the Officers sending their account to "Collections" and refuse to provide statements.

**34)** The victims of this organized white collar crime, are **deceitfully coerced** into legally defending

**alone**  his or her U.S. Constitutional bundle of rights all while the Enterprise CONCEALS from them

Material Evidence,[10] by denying access to Association Records to their victims and to any other

---

[8] FDCPA § 807.  False or misleading representations (2) The false representation of (A) the character, amount, or legal status of any debt (10) The use of any false representation or deceptive means to collect or attempt to collect any debt. **M6** pg. 29
[9] FS 18 U.S. Code § 1341 Unlawful filing of false documents or records against real or personal property. Att in Memorandum **M8** pg. 30
[10] FS 90.501 prohibits the concealment of any material evidence, yet state courts allow these enterprises to conceal without consequences.

Association members who intends to help, thereby avoiding verification of their claim debt on the Association Accounting Records.  A right to access which is <u>within the Ass'n Covenants and FS 718.111(12)</u>, but  for the past 10 years has been continually denied, in order to deter legal redress; thus, willfully violating the Right to Protect Property - **Against Public Policy** - on each of the 560 unit owners, of this Association.

**Depriving Ms. Ramos of her right to Protect her Property by deterring adequate Due Process[11].**

Honorable Judge, this case clearly proves the systematic fraudulent practices against defenseless, insular immigrants who for **socioeconomic disability reasons are <u>unable to defend their rights: afford a lawyer</u>,** or for the lack of CARE or protection from the state of the routine infringement of constitutional rights.  Therefore, these persons are <u>**Selected** into a predatory **Criteria**[12] of **Suspected Class**</u> of working-class property owners.   Ms. Ramos was targeted and victimized, as Mr. Villars has, because she fits perfectly their socioeconomic disadvantage **Criteria**.

**REASSERTION of prior averment.**  To avoid reiterating the alleged facts; every succeeding Cause of Action shall be understood to include, by inference every averment within the four corners.  Any averment in doubt or any insubstantial procedurala defect, not proven to be prejudicial to the Defendants merits, shall be construed in the light favorable to the Plaintiff. **EACH claim, Averment, Allegation IS IMPLIED as QUESTION for the <u>Defendants to Respond as TRUE or provide meritible defense</u>.**

## COUNT I

## Deceptive Collection Practices and Fraudulent Inducement

18 U.S. Code § 1341, FS 895, FS 812, FDCPA 807 and following R.1.110(b) and 1.110(g)

Deceptive Collections Practices ELEMENTS:
> Pgph 35. Representation and collection of a false debt
> Pgph 36. Using the U.S. Post Mail in a scheme that entails fraud to collect an unlawful debt
> Pgph37. The illicit collectors did not have any legal right to collect the debt
> Pgph36. Intentional misrepresentation of the character to multiply the proceedings
> Pgph37. Person was harmed to her person or property by the deception

Fraudulent Inducement ELEMENTS:
> Pgph 35. Defendant made a false statement regarding a material fact;
> Pgph 37. Defendant knew or should have known the representation was false;
> Pgph 37-38. Defendant intended that the representation induce plaintiff to act on it; and
> Pgph 35-41. Plaintiff suffered damages in justifiable reliance on the representation.

18 U.S. Code § 1341 ELEMENTS:
> Pgph 37-41. Having devised or intending to devise a scheme to defraud (or to perform fraudulent acts)
> Pgph 36     The use of the mail for the purpose of executing, or attempting to execute, the scheme (or specified fraudulent acts).

---

[11] 15 U.S.C. 1962 False or misleading representations. A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.  Attached in Memorandum of Laws - **M12**  pg.31
[12] Please find on Page 23, Paragraph 71- How the Selected Criteria is accomplished.

**35)** The Enterprise represented a false debt of <u>five months arrears</u> of Association assessments, in order to collect from Ms. Ramos the full amount <u>$1,927.13</u> to foreclose on her home. When in reality she was only ONE month arrears.

**36)** Using the U.S. Post, this Enterprise with Katzman Law Firm/Collection Agency, proceeded in demanding a false debt collection; simultaneously placing Ms. Ramos' Association dues-payments, <u>in Katzman Trust</u> Account, from that date on.  Through those two years, by U.S. Post,  they sent her 13 "Legally" threatening, intimidating and harassing letters, to extort collection on their false debt claim; thereby infringing on Ms. Ramos constitutional liberties and freedoms from harassment, nuisance, intimidation and oppression. They, wantonly deprived her of her happiness and her property rights and privileges.

**37)** Pursuant to the Ass'n Covenants and the FDCPA 807, that debt SHOULD NOT have been collected. **CONFIRMED by**: Katzman Chandler **own** - Matter Trust Balances Detail Report[13] <u>filed on October 9, 2018</u>.

    **BOA IOTA Trust - Collections #0247 for Buckley Towers Condominium, Inc.**

    Katzman Chandler received the following THREE payments from the Defendant on,

    03/21/17 Entry No. 705784 for the March 2017 assessment with Check 463, (EX 8) *PLUS*

    **03/21/17** Entry No. 705783 Deposit of <u>$376.65</u>, which accords with Check **464** for *June* <u>2016</u> [14] EX9

    **03/21/17** Entry No. 705785 Deposit of 376.65, which accords with <u>Check **465** for July 2016</u> [15]  EX10

Bare in mind, the **Enterprise** <u>Debt Claim</u> is from : ->   **JULY   2016   to  November 2016** [16]   EX11

**WHERE:** The **Best Evidence of payments from August 2016 to November 2016**  - are attached EX19

**WHERE:** Even if the Enterprise demanded the payment of Katzman costs for sending their illicit collection letters; the **June 2016 $376 extra** payment on March 3, 2017 covered their $232.72 fees claimed, <u>before</u> they filed their lien.

**38)** For TWO YEARS, Ms. Ramos made several extra payments, while constantly requesting from the Officers to address the discrepancy; but, the Enterprise Officers Treasurer Ms. Muxo and Secretary Calderon, refused to *HELP* <u>this specific member</u> of the Association.  Also, in order to deter other members, intending to help Ms. Ramos clear the Association accounting discrepancy, these officers acted recklessly in concert at violating the Ass'n Covenants and the FS 718.111(12) by CONCEALING[17]

---

[13] Katzman Chandler Trust Account Ledger Exhibit -- EX7
[14] Overpayment -- As it can be observed, she had already made that payment to the Association in 2016, besides that, notice that month WAS NOT listed in the Plaintiff claimed debt. Exhibit -- EX9
[15] July 2016 payment RECEIVED by Katzman own admission in his Trust Account No. 705785 for $376.65 -- Exhibit -- EX10
[16] Copy of the Claim of Lien filed on March 24th 2017. Exhibit -- EX 11
[17] Pursuant to 28a U.S. Code Rule 60(B)(3),(4)   and 60(D)(3)Fraud on the Court by Intrinsic or Silent Fraud.

Association Records Accounting.   Thereby, depriving Ms. Ramos from adequate Due Process; which resulted in their intentional foreclosure 2017-013000-CC-23.  This mistreatment and deliberate breach of fiduciary duty made the whole occurrence that much more emotionally damaging for her.

39) **INSTEAD of** *HELPING* **Ms. Ramos**, on Dec. 11, 2018, the Board Secretary Liliana Calderon, in collusion with the West Vice President Mordechai Zarger, and the Treasurer Iliana Muxo, filed her own <u>bad-faith Affidavit</u>[18] of such false debt.   Which *now* they may attempt to claim a lack of thorough knowledge on the debt claim (*now*  AFTER two years of putting Ms. Ramos through a foreclosure).  Their reckless actions speak louder than their words, and should prove their wanton disregard for their fiduciary duty of CARE, of a members' property rights, wellbeing and fair dealing. See FS 617.0834(1)(a), (b) and (3)[19].

40) Preponderance of Evidence is also found when, those who are by contract and by law responsible for the **accounting and verification** of the debt, such as  the <u>**onsite**</u> management/<u>**accounting**</u> company AKAM, who filed a sworn <u>bad-faith affidavit</u>[20] of such false debt.  Then, in particularly Katzman,[21] who collected for their "PROFESSIONAL" *due diligence* in verifying such debt[22], while refusing to acknowledge the collected funds, herein proven to have been <u>cashed by Katzman</u>, all while refusing to receive the proofs of payments from Ms. Ramos.  This EVIDENCE of their deliberate malice proves the discrimination towards this suspected class of dissadvantage property owners, who the Enterprise know they are unable to hire an attorney or to legally defend themselves.  Therefore, after 2 YEARS -- NONE of the Enterprise entities may claim ignorance, mistake or good intentions for the Association, as an excuse to harm a property owner.  <u>They have all conspired </u>in claiming that false **<u>July tru November 2016 assessment debt</u>**, against Ms. Ramos and at concealing Association Records/accounting.

41) This illegal deceitful **Collection** scheme turned wrongful foreclosure; has been coercing Ms. Ramos to make overpayments by obtaining advance cash from her credit card at **28% interest**, thus placing Ms. Ramos' home in a financial and emotional strain.  Where, now the credit card company is also suing her for payment, thus further damaging her credit score.  A harmful domino effect imposed by the Enterprise **Collections** scheme. In addition to depriving Ms. Ramos of the funds she needs to safekeep her health

---

[18] Bad-Faith-Affidavit of Debt by the Association Secretary Liliana Calderon on Dec. 11, 2018 to seal the foreclosure. EX12
[19] FS 617.0834 attached in Memorandum of Laws - Mem 7
[20] Bad-Faith-Affidavit Affidavit claiming a False Debt Sworn by AKAM manager. Exhibit -- EX 13
[21] Section 1927 provides "Any attorney or other person admitted to conduct cases in any court …, **who multiplies the proceedings** in any case unreasonably and vexatiously may be required… <u>to satisfy PERSONALLY the excess costs</u>…"
[22] Clips of the Katzman Chandler Billing Summary Report - clips, which may be verified with those filed in the docket. EX 15

and well-being at her third-age.  Which, at not having anyone to turn to for grievance[23] whatsoever, caused her to suffer an acute emotional and mental distress that has been affecting her physically too.

**WHEREFORE:**

**A.**  Ms. Ramos pleads for interim remedies according to 18 U.S. Code § 1341, 18 U.S. Code § 1001, FS 812, FS 895, for special, in equity, tort and any other remedies, the court considers just.

**B.**  A permanent injunction on ALL the tortfeasor involved in this ongoing illicit practice against property owner, thereby **granting a forensic accounting** on all their collection activities and Trust Account practices.

**C.   A Court SUBPOENA** on the Association,  on the Association legal representation law firms, AND on the management/accounting firms who have been contracted. Strictly **Related to** the Buckley Towers Condominium Association - on **ALL ASSOCIATION RECORDS** of the past 7 years -> UNTIL ALL information MANDATED by FS 718, is accessible online, **as required per FS 718.**111(12).

As it has been properly requested over 25 times and directly requested to attorneys[24]   Their continuous **Concealment Scheme** of information IS the first element necessary to execute their **Collections** scheme, thus the apparent reason legislation made Access to Records mandatory.


**COUNT II**
**Civil Conspiracy, Tortious Interference, Breach of Fiduciary Duties and Wrongful Foreclosure**
Pursuant 28a U.S. Code Rule 60(b)(3), 18 U.S. Code § 1341, FS 542.335 per Fla.R.C.P. 1.110(g)
With the Reassertion of prior averments and pursuant to Rules 1.110(b) and 1.130(b).

Civil Conspiracy ELEMENTS
     Pgph 16-20 42-45. Peculiar power of coercion held between two or more parties
     Pgph 44*45. To do an unlawful act or to do a lawful act by unlawful means,
     Pgph 44-48. The doing of some overt act in pursuance of the conspiracy, and
     Pgph  49. Damage to Ms. Ramos as a result of the acts performed
Tortious Interference ELEMENTS:
     Pgph 42.      The existence of a business relationship,
     Pgph 43.      The Enterprise's knowledge of the relationship,
     Pgph 44-48. The Enterprise's intentional and unjustified interference with the relationship
     Pgph 48.      Frustrating the contract or violating a property right and thereby damage to Ms. Ramos
     Pgph 44-48. Enterprise breaches its duties to Trustee[Ms. Ramos]; and
     Pgph 49.      Ms. Ramos suffers damages still to today
Breach of Fiduciary Duty ELEMENTS:
     Pgph 42-45. Plaintiff (Enterprise) and Defendant(Ms. Ramos) share a relationship whereby:
     Pgph 13-20 42-43.(a) Ms. Ramos reposes trust and confidence in the Association Enterprise, and
     Pgph 13-20 42-43.(b) Enterprise undertakes such trust and assumes a duty to advise, counsel, protect Ms. Ramos;
     Pgph 44-48. Enterprise breach their duties to Ms. Ramos; and
     Pgph 49.      Ms. Ramos suffers damages.

---

[23] Per FS718.303(3)(b) the Board Officers were responsible for establishing a Grievance Committee to address this type of issues.  They disregarded that law, so to exercise their power without any conflict or having to prove their claims.
[24] Exhibits of the exhausted requests for access to Association records from 2016 to 2019 by Mr. Villars -- EX22

Wrongful Foreclosure ELEMENTS:

     Pgph 42-45.  A legal duty was owed to Ms. Ramos by the foreclosing party
     Pgph 44-48.  That duty was breached in some way
     Pgph 44-48.  That the breach of duty led to damages
     Pgph 49.      The Damages caused

**42)** By the BuckleyTowers Condominium Association' Declaration (contract "LAW of the Land"- Although clearly cannot be supreme LAW over that of the U.S. Constitution) and the Condo Act, The Association Board Officers and Katzman have a contract with the Association[25], and the Association with every member/owner.  ALL owners including directors MUST comply with the Association covenants and laws pursuant also with FS718.303.

**43)** The Board Officers, executive members of the Association, have a fiduciary duty of loyalty of good faith and fairness when dealing with all Association endeavors, which includes Due Diligence.  So, when the Officers hired Katzman as the Association attorney to handle the legal aspects and collections; and AKAM as property accounting and management, the Officers, Katzman and AKAM must have been well aware of what, this non-profit corporation, Association expects from them, by contract and by law; which includes benefiting the <u>intended ultimate benefactors</u>: the membership-Association owners/shareholders.

**44)**  At the Officers, refusing to correct an Association wrongful debt claim, which they knew it was detrimental to the <u>Association contract with the member</u>'s Property and LIFE, the Enterprise wantonly breached fiduciary duty and <u>recklessly</u> harmed Ms. Ramos' property interests, contract restrictive covenants and her well-being.  Then, by the Enterprise denial access to Association Records to members who intended to verify the Association accounting records against the claimed debt, they willfully breached their fiduciary duty of care owed to the Association member, and thereby tortiously frustrated, or voided the contract.

**45)** At the Officers recklessly disregarding their Due Diligence to verify AKAM <u>Proper Accounting Practices</u>, thus contributing with AKAM manager at filing the bad-faith affidavit against Ms. Ramos.  They have willfully conspired in breaching the third party beneficiary <u>contract</u> duty of care and fair dealing.

**46)** At Katzman conspiring and fraudulently inducing an ILLEGAL Collection scheme, to extort from Ms. Ramos funds that were NOT due... wantonly disregarding her wellbeing and property contractual rights as a member of the Association; Katzman has intentionally breached the third party beneficiary contract and violated several laws for unjust enrichment purposes...ultimately- intentionally defrauding the court.

---

[25] Pursuant to FS 1.120(d) pleader can assume contract was per law, hence Defendants continues concealing Ass'n records.

**47)** At the Enterprise willfully violating contractual restrictive covenants and state mandated law FS 718.111(12) Access to Ass'n Accounting Records, in order to deceive, deprive and deter rights, in specificity Ms. Ramos right of Due Process.

The Enterprise **Concealment Scheme** works this way, **and without ANY legal liability whatsoever**[26]: The Officers **deny access to records** by blaming: the previous management company, then the management company blames the law firms, the law firms blames the previous accounting company, the accounting blames the previous Association board and at the end no entity is held liable... until another year (for the past 10 years) passes, **WITHOUT ever proving** that, the **"association" Official Decisions** against any Association Owner was made with MERIT and not because of discriminatory reasons and/or for the Enterprise's self-serving motives.

**YET!,** in state courts, this type of Enterprise activities have been LEGALLY condoned; allowing them to abuse its powers by taking actions against a Suspected Class. Beginning with the impairment of their Due Process by their concealment to material facts, which made the Enterprise illegal action possible.

**48)** The Scheme of **Violating While Enforcing** the same covenants and laws, in this case works like this:

**1** The Enterprise conceals ALL Association records - Disregarding the FS 718, Ass'n Covenants.

**2** By simply claiming the previous *board-property management-accounting-lawyer...* left it all unavailable because x, y, z...

**3** Nonetheless, they file a suit declaring MERIT of a valid debt, that either the owner MUST pay or gets thrown out!

**4** They double-affidavit confirm to have proof of NEVER RECEIVING the FUNDS, while rejecting proof of payments.

**5** With that, they begin their years of legal-intimidation-extortion to duress their victims into paying the false debt,

**6** While Concealing access to the accounting records - so, NO ONE can verify the Enterprise false-debt claims.

**8** Thereby, without the necessary information, their suspected-class-victim has NO ONE to defend her with facts.

**10** Railroading her, as they have others, into a fraudulent foreclosure produced by their **Concealment Scheme**.

**11** Causing a disproportionate adversity/harm borne on Ms. Ramos' socioeconomic disadvantages; unable to enforce, on this Enterprise, compliance to the covenants and the state laws.

**49)** By this legal-duress, harming Ms. Ramos' life for two years. Thus, causing her severe emotional distress and mental anguish, for not knowing *HOW* she was going to avoid foreclosure?, *HOW* to avoid ending up homeless? or *HOW* to avoid ending up with an unjustifiable $10,000 debt?

**Thus, infringing on her constitutional right of Due Process to Protect her Property, Freedom from encumbrances of intimidation, harassment, and her rightful privilege to enjoy her property.**

**WHEREFORE:** Ms. Ramos repleads this court for the same interim remedies as in Count I.

---

[26] Regardless the state laws FS 918.13, FS 90.501, FS 718.111(12)...

## Count IV
## Intentional Infliction of Emotional Distress
With the Reassertion of prior averments and pursuant to R.1.110(b) and 1.110 (g).

ELEMENTS:

Pgph 50. Conduct was intentional or reckless;

Pgph 44-48 and 50-52. Conduct was outrageous

Pgph 44-48 and 50-54. Conduct caused emotional distress; and

Pgph 52-53. Victim suffered severe emotional *and physical*[27] distress.

**50)** Ms. Ramos was first deprived of her Constitutional Due process right when the Enterprise intentionally deprived her property rights and privileges, <u>without the required board or committee hearing</u> "Due Process" (Exhibit 16) for her to present her proof of payment, on her defense - BEFORE her account was sent to "Collections".  Pursuant to FS 617.0607 [28].  The Officers and Mgmt, intentionally disregarded this statual mandatory process and Association Covenant (Exhibit 16), in order to secure that Ms. Ramos gets prosecuted by Katzman under FS718.

**51)** The Officers, Vice president Mordechai Zarger, the Secretary Liliana Calderon and Treasurer Ileana Muxo colluding, with the intent to defraud a defenseless, insular minority, 65yr. old lady; in order to harass, and collect <u>by legal threat</u> against <u>her home</u>, AND then reinforcing legally their claim with their bad-faith false-debt affidavit.   They have recklessly violated FS 18 U.S. Code § 1341, FDCPA 807, 18 U.S. Code § 1962 and 15 U.S. Code 1692e.

**52) Those actions were NOT "Oversight," or much less Overnight!**  At the Enterprise refusing other members of the Association to have access of the Association records, <u>to avoid her being assisted</u> through due diligence by the other 12 directors, the Enterprise strategically coerced an effective illegal-debt claim on Ms. Ramos.  Thus encumbering on her life; making it about overcoming a combination of frustration, anger, depression, anxiety, disorientation, sickness and helplessness, for having to fight this **<u>alone</u>**... and against the state supported constitutional violations.

**53)** But for being a low-income, window with no family to assist her pay for an attorney, she had to endure this illegal action more severely, **because it disgracefully attacks her <u>self-worthiness</u> in this country**.   When the Enterprise BLOCKED other members of the Association who attempted to help her,

---

[27] Defendants are also liable for physical harm resulting from severe emotional distress. Metropolitan Life Ins. Co. v. McCarson, 467 So 2d 277, 278-279 (Fla. 1985).

[28] Attached on Memorandum of Laws - **M 10** pg. 31

by concealing the Association accounting records, to avoid the facts from being known; it became an obvious wanton attack on her life; which, to any elderly peaceful-living lady, was overwhelming.  Thus, it is conceivable to affect this lonely, immigrant, 65 yr. old lady more severely emotional, mentally and physically - up to the _Point of Desperation_ - whereas many, under the same duress, have ended up selling their property for cash, to end this fraudulent - State-condoned - imposed misery.

**54)** Where whatever little extra funds she had were being diverted to pay triple the Association, and her credit score damaged by the filed lien against her <u>only</u> property, she had nowhere else to turn for money to properly address her aging-health issues and those new health issues caused by this illegal action. Causing her to suffer from acute anxiety, depression, digestive issues, insomnia and cold sweats which affected her physically; causing a lower immune system - thereby getting continuously sick with colds, coughs, vomiting and muscular pains...  It is conceivable by any reasonable person, that a third-age lady, who is emotionally, mentally and physically abused, is thereby bound to be more severely affected than the average person.

**NOTE:** For a lot of Victims, the ONLY viable solution to deal with this type of white collar oppression, is to sell for cash under market value their home.  **C o i n c i d e n t a l l y ?!**
at that _Point of Desperation_  the Officers <u>are ready</u> to  *"h e l p"(themselves)*   by buying through quit claim deeds, their victims' home, which is *immediately approved* by the other Officers- thus arbitrarily disregarding restrictive covenants, which requires properties to be sold by actual market value.

**WHEREFORE,**
Ms. Ramos pleads this court for interim relief of a permanent injunction on the tortfeasors in addition to:
A. For this court to vacate the foreclosure, invalidate the lien and restitution pursuant to FS 18 U.S. Code § 1341.
B. For interim remedies according to FS 812.035(1)(a),(b), (d) and (6)
B. Jury trial to address her punitive damages.

**COUNT V**
**Breach of Third Party Beneficiary Contract**
With the Reassertion of prior averments and pursuant to R.1.110(b) and 1.110 (g).
<u>REASSERTING PARTICULARLY paragraphs 19,20,40 &43</u>

ELEMENTS
Pgph 19,20,40. 43 and 55-56 Defendant and a third-party entered a valid contract;
Pgph 55.   Plaintiff is not a party to the contract;
Pgph 55. The parties to the contract intended that the contract primarily or directly benefit a
         plaintiff or a class of party [association members] of which Ms. Ramos is a member;
Pgph 56-59 The contract is breached;
Pgph 60. Plaintiff suffered damages as a result of the breach.

**54)** Considering IN Buckley Towers Association it is a common violation for owners <u>to endure</u> the illegal deprivation of Property Right to inspect the Association Records, here it MUST be assumed the contract between the Association and Katzman Chandler, for the past 10 years, has been legal, to act in good faith, fair dealing and legal under state and federal law, for the direct or indirect benefit of the Association owners/shareholders of the corporation.  Then, ANY deviance, which harms owners in any way, MUST be considered as a breach of contract, legal and tortious violation[29].   That is, UNLESS the Enterprise can provide the court with a written order signed by the Association MAJORITY BOARD, to claim their illicit actions were by Association order or provide the contract as authority to conduct illegal activities.

**55)** Katzman Chandler, collection and legal agency has been endeavoring, by contract, with the Association beyond what is considered "Arm-length" commercial participation.  Katzman has been involved in the Association on everything from: Coercing the illegal Board Elections, Denying Access to Records, Disputing complaints with the DBPR to sandbag compliance investigations, legal misrepresentation in courts, fraudulent re-construction contracts, selective covenant enforcement with legal threats to owners, illegal collection with demand-to-foreclosure, and fraudulent inducement of multimillion dollar loans.  By definition, that places Katzman in a <u>third party contractual duty</u>, with implied auxiliary covenants intended to benefit the owners/shareholders of the Association; who are NOT within the contract between Katzman and the Association, but rather implied ultimate benefactors of a non-profit corporation, through the Association Declaration and the FS718.

**56)** At Katzman refusing to attend the Association's member- **pro se**, to avoid receiving her proof of payments, in order to justify his claim of debt for two years; he committed a breach of contract and Fiduciary Duty.  Also at instructing or collaborating with the Officers, in denying access of the Association accounting to other Board Directors, to deter any Due Diligence, he committed tortious interference.

**57)** At Katzman legally filing and representing an exaggerated amount owed, in order to start collecting **18% <u>into HIS</u> Trust account,** over every subsequent payment made to the Association, for the past two years, and thereby also collect legal fees, costs, interests… he has deliberately violated the third party duty of good faith, fair dealing and care for his self-serving, unjust profit. → Defrauding the contract.

---

[29] FS542.335(1)(b)(5) Any restrictive covenant not supported by a legitimate business interest is unlawful and is void and unenforceable. (f)   The court shall not refuse enforcement of a restrictive covenant on the grounds that the person seeking enforcement is a third-party beneficiary of such contract.

**58)** Also, AKAM Onsite manager, at filing the bad-faith debt Affidavit to provide legal Merit on their false debt collection, lien and foreclosure.  AKAM by the Agency Law, is duly responsible for the management and PROPER ACCOUNTING Practices in the Association, and thereby willfully collaborating in this civil conspiracy against an Association owner/shareholder.  Thereby breaching the essentials of every contract of good faith, fair dealing at disregarding the well being and respect for Ms. Ramos contractual and Constitutional rights.

**59)** In addition at Katzman imposing <u>illegally</u> "Attorney fees," when it's specifically precluded, once Ms. Ramos paid the pending 1-month debt, pursuant to FS 718.116,    **AND <u>in the Ass'n Covenant</u>**[30]; which Katzman has represented for the past decade, thereby proving **knowing and willful fraudulent intent <u>to harm Ms. Ramos and the Association</u>**.  A deceptive and unfair **Collections** practice despite the aforementioned, which can be easily observed in prior cases, as **Overt Ongoing Duress** scheme.

**60)** Whereby Katzman Chandler's illegal collection practices, legal-extortion and intimidation by using false statements to claim a lien and foreclose on a vulnerable, hispanic immigrant, elderly lady; **Deliberately took advantage of the fact that she could not afford an attorney to defend her constitutional rights.**  The Enterprise Attorney and Management/Accounting[31] firms have thereby defrauded the court into foreclosing on a Suspected Class Property owner; placing Ms. Ramos on an overwhelming payment stipulation; causing her severe emotional, financial and physical harm.

**WHEREFORE**

　　　　**A.** Plaintiff pleads for the court to grant a **SUBPOENA on Katzman Chandler** to <u>provide the details(EX 15)</u> on the claimed Attorney Affidavit of Costs, regarding all communication with the rest of the Enterprise entities, as stated in Exhibit 14 identified in circled numeration.  Per Fed.R. of Civ. Pro. for Discovery and Evidence.

　　　　**B. Enjoin** a) the Association, b) Katzman Chandler, P.A. and c)every management/accounting firm, hired by the Association **to COMPLY with FS 718.**111(12) Access to Association Records within 10 days.  Otherwise for the Association Directors and Officers, the Officers of Katzman Chandler and the Officers of the management companies shall be <u>held personally responsible</u> to pay $300 per day that they continue concealing <u>until **ALL**</u> Association Records, for the past 7 years, are available online available to ALL property owners, according to the law.

　　　　By their **Concealment Scheme** practice, **a <u>DISPARITY IS established</u>** which is used to further abuse a significantly higher portion of socioeconomic class members than to non-protected class members.  The FS718

---

[30] Association Covenant pg. 33 Pgph 3. **Costs and Attorney's Fees.** "[n]o attorney's fees may be recovered against the Association in ANY such action." Exhibit 17
[31] Ass'n management and accounting firms are held liable for collaborating in concealment based on the year participated.

only protect the very few who can afford a lawyer to force on the Enterprise compliance with Access to Records.

**C.** Ms. Ramos pleads this honourable court for personal remedies to be addressed in a trial by jury.

**D.** Ms. Ramos also pleads for the court for leave to amend her pleading for punitive damages, once the pretrial hearing on this complaint are concluded.

**E.** Immediate disgorgement of all legal fees collected by Katzman Chandler per FS718.116 & Sec. 1927

## COUNT VI
## Conversion and Racketeering "RICO" Practices
Pursuant to FS895.03(4), FS 775.0844(a)(2)(4) and 15 U.S.C.Sections 1962 and 18 U.S.C. 1341
with Remedies by FS775.082(7), FS 895.05(6), U.S.C. Sections 1963 and Section 1964
General remedies pursuant to Fla.R.C.P. 1.110(b) and punitive damages by Trial by Jury
With the Reassertion of prior averments specifically (Pgphs: 40, 41) and according to R.1.110(g).

Conversion ELEMENTS:
    Pgph 61-62  Ms. Ramos's ownership or right to possession of the property;
    Pgph 64-69  The Enterprise's conversion by wrongful act inconsistent with the property rights of the
    plaintiff; and
    Pgph 64. Pleader sustained damages.

Mail Fraud under 1341 ELEMENTS:
    Pgph 65-69 Having devised or intending to devise a scheme to defraud
    (or to perform specified fraudulent acts)
    Pgph 69. Use of the U.S. Post Mail for the purpose of executing, or attempting to execute, the scheme
RICO - Racketeering ELEMENTS:
    Pgph 14-23 Relationship between violators
    Pgph 66-69 Open-ended Continuity
        Pgph 69      1) A number of alleged predicated acts
        Pgph 69      2) A number or alleged **Suspected Class** of victims
        Pgph 65-69  3) A number of alleged schemes

**61)** As asserted in paragraph 5-9 in Fundamental Governing Facts, regarding Ms. Ramos ownership of property in the Association.

**62)** As asserted in paragraph 23 in Fundamental Governing Facts, regarding Mr. Villars 1% ownership of Ms. Ramos property in the Association, to help her <u>Protect her Property</u>[32] from default.

**63)** BOTH Ms. Ramos and Mr. Villars have U.S. and Florida Constitution inalienable freedoms, privileges, rights including property rights; which cannot be infringed by any contract, Association Declaration or the FS718. Pursuant to the 5th & the 14th Amendment, the Ex-Post Facto law and the Acquired Rights Doctrine.

---

[32] FS 542.335(i)   No court may refuse enforcement of an otherwise enforceable restrictive covenant on the ground that the contract violates public policy **unless such public policy is articulated specifically** by the court and the court finds that the specified public policy requirements substantially outweigh the need to protect the legitimate business interest or interests established by the person seeking enforcement of the restraint. <u>See Florida Constitution Art. I. § 2: Right to Protect Property</u>.

**64)** At depriving Ms. Ramos of her freedom from encumbrances and undue financial burdens, nuisances, legal intimidation or oppression * "peaceful possession of proper use of property", the Enterprise has willfully harmed her and her property, for THEIR personal gain.  Because ONE MONTH late payment does NOT affect the Association significantly as much as they have used it to deliberately harm Ms. Ramos.  Thus, the reason behind the mandated **Good faith and fair dealing** imposed on every contract.

**65)** While Selectively Enforcing covenants and laws **in furtherance of their illicit activities**, and WITHOUT any legal consequences, the Enterprise intentionally, by conduct and routine practice infringe on Ass'n Covenants which provide:

> **Association Declaration**
> Section **X.   RESTRICTIONS** - (Exhibit 18)

Pgph 6. **Nuisances.**
> "No nuisances shall be allowed upon the condominium property nor any use or practice with is the source of nuisance which interferes with the * peaceful possession and proper use of the property by its residents."

Pgph 8. **Lawful Use.**
> "No immoral, **improper, offensive or unlawful use** shall be made of the condominium property [rights are considered within property]; and and ALL valid laws ... of ALL governmental bodies having jurisdiction shall be observed."

**66)**  Such covenant DOES NOT EXCLUDE, in black letter, the violations against the property owners by the Ass'n Officers, acting as "the Association". Because the Ass'n Covenant "Lawful Use" states "ALL Valid Laws… shall be observed";  therefore, the Enterprise actions would prove to be a reckless disregard of Constitutional, statutory and contractual rights, **on the Suspected Class.**

HOWEVER Ass'n Lawyers do so freely, following the State **Superiority** mentality;  where the Native-Americans and Afro-Americans were mistreated, so can this disadvantage class and as always without concerns of redress, because of the entitled immunities provided under law.

**67)  Where** the ONLY payment **truly due** was the July 2016; which Ms. Ramos made on **March 3, 2017**, to the Association; then applied **into Katzman's Trust Account** on March 21, 2017, clearly proves the conspiracy between the Ass'n Officers, the Management/Accounting firm and Katzman Chandler collection agency, in defrauding property owners by collecting illegal debts covertly under color of law.

**68) NONETHELESS**, on **MARCH 27, 2017, (24-Days) AFTER** receiving the payment for July 2016, the Enterprise filed the **Claim of Lien**[33] against Ms. Ramos' home, and continue multiplying their FALSE debt by   **2600 % → from $376 to an Exaggerated $10,000.00!**

---

[33] Attached in Exhibit -- EX 20

**69)** A systematic **Collections** Scheme thru civil conspiracy by the Enterprise, condoned by the lack of due diligence and negligence from the rest[34] of the board of directors of this Association.

**Here is** with **particularity** and **specificity** the:  **WHO, HOW, WHEN, WHY and THEIR Inherit INTENT**

The **Enterprise** **fraudulent Collections** Scheme / **covert illicit practices** are accomplished by,

**a) INSTEAD** OF sending  from  the Association or accounting firm, a request for late assessment payment due,

**b)** The Enterprise commissions Katzman's collection agency / Law Firm, to collect by implied *legal* coercion through **U.S. Post Certified Mail**[35].  Claiming to request proof of payment, BUT later refusing it.

**c) WANTONLY** depriving the association member of (FS 617.0607 and FS 673.111) a chance to dispute the claimed debt directly with the Association's **on-site** management-accounting firms AKAM, First Service Residential and Unlimited Property Mgmnt.  Whose professional duty is of Proper Accounting Practices.

**d)** INSTEAD, the Enterprise attorney sends by U.S. Post a LEGAL letterhead collection letter, demanding the full payment, with additional costs (~$250), thus the debt starts to accrue exponentially against the property owner. Thereby, legally extorting more money with the legal threat-to-be-sued by the mighty  "association"  -- Lawsuits, which are well known, to seldomly rule in favor of the unit owner, **Pro se**… as it is evidentiary in this foreclosure case.    **Bare in mind**, *this is for having ONLY  ONE MONTH mishap in the monthly assessment.*

**e)** This is so the Enterprise-attorney-collection agency can LEGALLY place **INTO HIS   Trust Account**   every payment the Association receives to cure the claimed debt.  While multiplying legal costs; so the **Pro se -** Suspected Class Association owner - **can NEVER catch up** and thereby forcing her into default or into a **Point of Desperation** of considering selling her property for undermarket value.

**f)** A **covert, bad-faith "Collections" scheme-** deceptive and unfair practices against the Association owners/shareholders,  which allows the Enterprise **to profit into their Trust Account** by collecting an **18% interest ON their:** false debt + Collection expenses + the sum of subsequent assessment payments + late penalties + attorney fees +  pre-litigation +  post-litigation + "which continue to accrue during the pendency of this action"[36]…   until the case is settled.

**g)** Thereby, ALSO illegally depriving the Association of those assessment funds **until then**... While THEY unjustifiably enrich themselves through this illegal-debt Collection and their Fraudulent Lien scheme.

**h)** All the while,  providing the Enterprise with the right to LEGALLY claim, in court Ms. Ramos' payments are, "insufficient" (EX 15(23)), "full payment has not been received" (EX14(2,5,6,7…), "the Debt is *still Pending*" or is "*material issue*" in the case; **thereby** damaging her property interests and personal reputation in her community.

---

[34] This Association has 17 Board Directors, composed of 5 Officers and 12 regular directors.
[35] Section 1341 provides legal standing for RICO claims for Katzman using the U.S. Post to collect illegal debt.
[36] Asserted by Katzman Chandler in their Complaint to Foreclosure pg. 10, paragraph 44 and 45. Exhibit 21

i) This Enterprise illegal Collections practices routinely places Suspected Class Property Owners **at risk of losing their home** by illegal debts or *at best*, going from owing ONE month assessment due, worth $376 → to a DURESS debt of almost **$10,000**!  **State APPROVED "LEGAL" Scheme on Suspected Class of homeowner !**

**UNLESS** the Defendants can prove with MERITS this is NOT their practices - **It MUST be Judicially Noticed**

---

**Unfair + Unreasonable + illogical  =   I N J U S T I C E – yet, permitted by state practice.**

**WHEREFORE:**

Defendant, Ms. Ramos humbly moves this honorable court for the following interim remedies pursuant to FS 895:

1. To vacate the Final Judgment of Foreclosure and immediate reimbursement of the paid Stipulation payments, back to Ms. Ramos plus the interests that they illegally collected.

2. Pursuant to 28a U.S. Code Rule 60(B)(3),  (4) and 60(D)(3)Relief from judgement based on fraud.

3. Interim Remedies according to FS 895.05(6), **and** by Trial Jury on U.S.C. Sections 1963 and Section 1964

    **A.   PREVENT, by a court order**, the official records of this case; on any part of it from being removed, redacted, or conceal from the electronic database.  This is so it can serve future victims of this type of Enterprise illegal collection practices.

    **B.**   Enjoin permanently the Plaintiff board Officers for such reckless treatment towards an elderly under their fiduciary duty of care pursuant to FS 825.101 (see M18 pg.34).

    **C.**    grant full Disgorgement and disclosure of all Katzman Chandler collection agency held Association's Trust Accounts, for their unjust enrichment, intentional violation of FDCPA laws and abuse on an elderly lady.

    **D.**   Remedy pursuant to FS 542.335 (j)
"A court shall enforce a restrictive covenant by any appropriate and effective remedy, including, but not limited to, **PERMANENT   injunction**. The violation of an enforceable restrictive covenant creates a presumption of irreparable injury to the person seeking enforcement of a restrictive covenant."
On the Board Officers Mordechai Zarger, Liliana Calderon and Ileana Muxo for their wanton breaches of fiduciary duty.

    **E.**   Award Ms. Ramos the civil penalties pursuant to FS 18 U.S. Code § 1341, of $2,500 for every false instrument filed which emotionally and mentally affected Ms. Ramos well-being. Because at receiving every one of the following instruments against her home; each immediately and continuously caused a damaging effect on her health and mental state, for months leading to the and in

anguish of the next false instrument.

| | | |
|---|---|---|
| 1. | **Lien** enforcing their false debt | **Filed on March 27, 2017** |
| 2. | Lis Penden filed against her property. | Filed on July 21, 2017 |
| 3. | Complaint to Foreclose | Filed on July 21, 2017 |
| 4. | Notice of Action published in Daily Business Review | Filed on October 27, 2017 |
| 5. | Order of Default Judgment | Filed on September 5, 2018 |
| 6. | AKAM Property Mgmnt. Affidavit of Indebtedness $6,494.64 | Filed on September 27, 2018 |
| 7. | Motion for Default Final Judgment on foreclosure | Filed on October 9, 2018 |
| 8. | The imposed false late fees | Filed on October 9, 2018 |
| 9. | Affidavit of prejudgment interest of $461.11 | Filed on October 9, 2018 |
| 10. | Katzman affidavit of legal costs $4,224 | Filed on December 6, 2018 |
| 11. | Board Secretary false debt Affidavit - statement | Filed on December 12, 2018 |
| 12. | Final Judgement of Foreclosure | File December 12, 2018 |
| 13. | Notice of Foreclosure Sale | Filed on December 26, 2018 |

**E. Remedies according to Section 1964 for violations pursuant to Section 1962(d)**

## COUNT VII
## Conspiracy to Interfere with Civil Rights
## Pursuant to 42 U.S.C. 1983 and Sec.1985 and Fla.R.C.P. 1.110(g) and 1.130

ELEMENTS under Sec. 1983[37]:

| Pgph 70-77 | 1) An entity [Enterprise] subjected Ms. Ramos to a conduct that occurred under color of state laws |
| Pgph 70-75 | 2) Their conduct deprived the plaintiff of rights, privileges, or immunities guaranteed under federal law or the U.S. Constitution. |
| Pgph 69-74 | 3) A **"Private Right** [38] of Action" provided by Congress by operation of the Fourteenth Amendment[39] |

ELEMENTS under Sec. 1985:

| Pgph 37-39, 50 | 1) A conspiracy--agreement and concerted action |
| Pgph 70 | 2) To deprive victim of equal protection or equal privileges and immunities; under federal law or the U.S. Constitution. |
| Pgph 70-75 | 3)ActS in furtherance of the conspiracy: |
| Pgph 70-77 | 4)An injury or deprivation resulting therefrom. |
| | Tilton v. Richardson, 6 F.3d 683, 686 (10th Cir. 1993) |

**69)** In Maine v. Thiboutot, the Supreme Court held for the first time that Section 1983 could be used to

remedy the deprivation of rights created by a federal statute. Seven years later, in Wright v. Roanoke

---

[37] Agencies may conduct disparity analyses in which multiple protected groups are aggregated. Such aggregation is commonplace and presumptively accepted by the courts. See, e.g., Wards Cove Packing Co. v. Atonio, 490 U.S. 642, 650–55 (1989)

[38] Cannon, 441 U.S. at 691. The tendency of some courts to highlight the first Blessing prong at the expense of the second and third prongs is illustrated by the Eleventh Circuit's adoption – with no mention of the other Blessing criteria – of its own three-part test for determining if Congress intended to benefit plaintiffs.

[39] **Amendment XIV Section 1.** No state shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any state deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the law.

Redevelopment and Housing Authority, suggested that a regulation <u>promulgated to interpret a federal statute</u> could also be a "law" which could be enforced under Section 1983.

**70)** Whereby the FS718, a Suspected Class of citizens are routinely deprived -- by law firms in conspiracy with an illicit association board Officers and management companies.  Entities who hold absolute power afforded by the association contract and the state Condo Act or Homeowners Act. Which they use to control the access of ALL of the association records→ specifically the accounting books, to deceitfully enforce misrepresented state laws and association covenants, on their **Selected Criteria** members; thereby depriving of U.S. Constitutional Right of Due Process, Property, Equality...   A scheme they've used, to manipulate or fraudulently induce **IL**legal actions against these property owners, while enjoying ZERO liability or accountability for their misconduct.   While having NO concern of State Attorney investigations or legal redress from any member litigating pro se; because the Enterprise is also endowed with an unfair judicial "*discretion*" protection from state courts.  State Courts that freely and openly provide bias collaboration, knowing that, as judges, they are immune, even when acting against all judicial standards.

**71)** ::::<u>The Enterprise</u>'s **Targeted SUSPECTED CLASS of Property Owners**[40] **in associations.**
**Selected Criteria** -> <u>Using the **owner's Socioeconomic Information**, from the Ass'n Membership Application</u>

    A. <u>Mostly</u>- property owners of a Minority Race - immigrants, thus English would be their 2nd language.
    B. Preferably of working - low-mid class income - unlikely to have funds for a lawyer to protect their rights.
    C. Perceivably easier threatened by a legal suit or easily deceived by contractual/legal misrepresentation.
    D. Perceivably limited in time to learn how to fight a false debt claim (attaining account ledger, find help,...)
    E. Conceivable to buckle under the undue emotional / mental distress brought by their "legal" duress.
    F. Perceivably- having no other place to live - Thereby giving him/her no other option other than to <u>pay up</u>.
    G. Who, due to emotional, intellectual or language disability cant write a <u>perfect</u>[41] complaint for the judge.

**72)** Where at proving discrimination, "the requisite of unfair share of harm can also be shown by evidence of impact on specific individuals. See, e.g., McCoy v. Canterbury, No. 3:10–0368, 2010 WL 5343298, at *5 (S.D.W. Va. Dec. 20, 2010) (a "series of discrete episodes" of the challenged practice can "raise a plausible inference that it has a discriminatory impact on minorities"), aff'd, 428 Fed. App'x 247 (4th Cir. 2011); Mitchell v. Bd. of Trustees, 599 F.2d 582, 585–86 (4th Cir. 1979) (affirming district court's finding of disparate impact "on the basis of the few specific applications of the policy proven, such

---

[40] See 42 U.S.Code § 1983, §1985(2) & (3) and §1986 - Attached Memorandum of Laws.- **M13**  pg.32, **M15**  pg.32, **M16** pg.33
[41] **Rule 83.** Rules by District Courts; Judge's Directives (a)(2) Requirement of Form. A local rule imposing a requirement of **form must not be enforced in a way that causes a party to lose any right because of a non-willful failure to comply**.

inferences of likely other applications as these instances could rationally support, and judicial notice of the world as it is and as it is known in common experience to be")".

**73)** Persons who are discriminated and deprived from equal protection, even when pleading for redress to the Florida Department of Business Regulation, the "DBPR"[42], per FS 718.1255.  This agency who under color of state, routinely disregards or purge complaints brought by this class of members; by either providing the Enterprise with elongated time to respond to the complaint, so they can reach the end of the year, and thereby absolving the complaint because of a new year-- WHILE ensuring the elections are run <u>again</u> by the same Enterprise.  Or they simply close the cases against the property owners; despite the evidence against the Enterprise, to help them to continue in power.  This can be evident with the last board election, where FIVE suspected class members were deprived of board candidacy by the Enterprise.  Simply by claiming a false debt on each of their Association accounts; which they were never able to prove their claim, to the DBPR.   Nonetheless, the DBPR closed the 5 cases to help the Enterprise prevent the election from being VOIDED according to FS 718.  Where pursuant to FS 617.0834, IN EQUITY as defrauded members- all directors who attain a <u>direct or indirect benefit</u> from such <u>fraud on the Association</u> membership, shall be enjoined from further participation.

**74)** Ms. Ramos, as Mr. Villars, fit perfectly within the **Selected Criteria** of **Suspected Class** of property owners.  At 65, this lonely vulnerable lady has endured the prime example of **abuse of absolute power**: denial of Association accounting records so to legal misrepresent the debt amount, to force an illegal Collections scheme and to foreclose on her home.  Who by pure luck, she was not thrown onto the streets, at her third-age, by this Enterprise.

**75)** By **the Enterprise Sequence of SCHEMES**:  **1)** Selective Criteria (pgph 70-71),  **2)** Collections (pgph 69),  **3)** Selective Covenant/Law Enforcement (pgph 65),  **4)** Concealment (pgh 38,44,47,48...),  **5)** Fraudulent Lien (pgph 37-41)  **6)** Point of Desperation (pgph 53-54),  **7)** Overt Ongoing Duress (pgph 59),     in addition to INTENTIONALLY disregarding Association restrictive covenants (pgph 12, 18,19,20...), disregarding state law 718.111(12) and 718.116 (pgph 29), Disregarding FDCPA 807 (pgph 30), and general anti-fraud laws FS 812, FS 817, FS 895 and FS 918.

By these ongoing schemes, the Enterprise has continued, <u>for decades</u>, depriving a Suspected low-income-working class property owners' Constitutional Rights "guaranteed" under the 1st, 4th, 5th and

---

[42] Smith v. Xerox Corp., 196 F.3d at 366 ("[T]he substantiality of a disparity is judged on a case-by-case basis."); Groves, 776 F. Supp. at 1526 ("There is no rigid mathematical threshold that must be met to demonstrate a sufficiently adverse impact.")

14th Amendment; which include: the right to assembly, freedom from harassment or oppression, right to petition, right to protect own property, right of Due Process and right to equality under the law.

76) As it is here proven, with this wrongful foreclosure against Ms. Ramos, the Enterprise is routinely able to go through ALL their schemes <u>without a glitch</u>!   All the way to fraudulently foreclosing in a state circuit court; <u>as they have for the past 40 years</u>.  Meanwhile, deliberately depriving and infringing on constitutional rights and privileges, which are supposed to be "guaranteed" EQUALLY for everyone. BUT IN REALITY, it requires a Suspected class member who has been victimized PRECISELY because of his/her socioeconomic disadvantages, to LEGALLY be able to Enforce and Defend the U.S. Constitutional Laws -<b>on his/her own</b>- against the mighty entities that compose the Enterprise.  Entities who are affluent financially, politically, legally, contractually…and <u>Judicially</u>.  <b>Considering this</b>... <u>is there really</u> any reasonable chance that ANY EQUALITY <b><u>UNDER THE FS 718</u></b> may be expected for this suspected class -- E V E R?  <b>OR</b> ...

$$= E = Q = U = A = L = I \ T = Y?$$



**The Enterprise PROTECTION**
- ✓ **The Florida Statute 718**
- ✓ **DBPR bias conduct & practices**
- ✓ **Association Declaration**
  - ▷ "Contract Clause"
  - ▷ Association absolute power
  - ▷ Association funds
  - ▷ Control of all Association Records
  - ▷ Control of every Board Elections
- ✓ **Association Attorney**
- ✓ **Association Mgmt/Accting firms**
- ✓ **Association Liability Attorneys**
- ✓ **State Attorney lack of interest**
- ✓ **State Court IMMUNE Bias conduct**
- ✓ **Business Judgment Rule**

~~**Power, Justice, Fairness,** Or ~~Protection~~~~ ➡ ?

≠

<u>Suspected Class</u> Prote
The **Disregarded Public Policy,**
**FS 617.0834 FS 718.303...**
**A bias unaccountable DBPR**
The **Disregarded Association**
**Declaration** Restrictive Covenants
And the **DISRESPECTED**
**U.S. and Florida CONSTITUTION**

**Is it possible** that the <u>State Law FS 718</u> was written by the association contractors; law firms and Mgmt/Accounting firms lobbyist , *Specially* <u>with and for THAT  specific</u> *Interest* !?
Collaborated against Public Policy, <u>because IT IS fiscally beneficial</u> to Florida State Corporation.

77) As it is herein evident, ANY association illicit Enterprise can get away with violating contractual restrictive covenants, designed to protect the property member's rights, privileges and freedoms. THEREFORE...

This type of Enterprise IS CONDONED to violate and utilize the state LAW, to coerce against a suspected class overt deprivation of U.S. Constitutional rights.  Their illicit actions are well recorded, for the past four decades, in state court dockets, as well as in disregarded pleads for help to the DBPBR.

**HOW is THIS by any means - <u>EQUAL Under the LAW</u>?**  Whereby discriminatory animus laws and practices significantly affect a class of people; by constantly disregarding their rights and legal claims or by capriciously DISMISSING their lawsuits in state courts, <u>SOLELY</u> because of their socioeconomic disadvantage.  WHILE **<u>every one</u> with power** to harm the property owner is IMMUNE of legal redress!?

**WHERE** the herein stated facts are to be considered TRUE, <u>UNLESS</u> the Defendants can provide the court with **<u>MERITS</u>** to disqualify or discredit EVERY herein claimed, alleged and averments, with particularity and specificity as demanded per Fed.R.Civ.P. in their response.

## U.S. Constitution 14th Amendment:

" nor shall any State deprive any person of life, liberty, or property, without due process of law; **<u>nor deny</u> to any person within its jurisdiction the equal protection of the laws.**"

**WHEREFORE:**

Ms. Ramos and Mr. Villars, hereby pleads this honourable court for equity remedies that can make a significant impact eradicating the aforementioned illegal covert or overt action taken either by misrepresentation of laws, covenants or by abuse under color of law.

Furthermore, Ms. Ramos pleads for:

A. **For AMICUS PARTICIPATION pursuant to 8-2.170.**

　　**For the Court to Request the Civil Rights Division participation on this case because**:

　　**1.** The state statute 718 challenges the constitutionality of a federal civil rights statute (cf. 28 U.S.C. § 2403(a))

　　**2.** It raise constitutional challenges of public importance under the First or Fourteenth Amendment of the United States Constitution

　　**3.** It raise issues that significantly affect private enforcement of the statutes the Civil Rights Division enforces

　　**4.** It is a clear special federal interest and not likely to be well-served by Pro se litigants.

B. Restitution on all the negative effects caused by the Enterprise malicious actions.

C. A thorough investigation of every action taken by the DBPR in collusion or indirect collaboration that benefited this Enterprise in maintaining power over the Association since 2015.

D. Punitive damages through Trial by Jury

**THIRD-PARTY Disclaimer**

The third-party, Mr. Villars, sole interest in this case is in assisting in the protection of constitutional rights and in defense of the insular minority class; who have been routinely victimized by this type of association Enterprise. **He only PLEADS for this court,** to consider the evidence provided, as well as their routine deceitful misconduct; which many property owners have had to endure, because of their **lack of proper civil protection,** against these organized white collar crime. Thereby, conflicting with the "*guaranteed* equal protection"[41]clause of the U.S. Constitution.

**NOTE:** The "Put Something Back" program is a diversion, used by the fraudulent lawyers, which should be thoroughly verified for legitimacy and validity, before accepting it as a *true* "available solution". Because just like the DBPR, it fails to do what it is intended and being financed for, while enjoying zero governmental supervision.

Under penalties of perjury, I s/Janvier Villars, declare to have helped Ms. Ramos put this counterclaim/motion to vacate together. All stated herein are Ms. Lindaura Ramos' provided proofs and stated claims of facts, that I believe to be true to the best of my knowledge and personal verification of the evidence. The counterclaim and motion for vacate intentions are to do substantial justice for Ms. Ramos, and to bring to formal conciousness, to the courts of the routine illicit conduct of discrimination against defenseless suspected class of citizens in Florida.

Janvier Villars Full Name

Janvier Villars, **Pro-Se** ID V462 420 72 2850

I, _____, agree completely with the statements of claims as facts as asserted on my behalf, on this counterclaim/motion to vacate, and humbly appeal to this court for my constitutional right for an expedited court resolution be granted accordingly.

Lindaura Ramos

Lindura Ramos, Pro Se

Signature

STATE OF FLORIDA  ss
COUNTY OF MIAMI-DADE
BEFORE ME, an officer duly authorized under the laws of the State of Florida to administer oaths and take acknowledgements, personally appeared before me, Mr. Janvier Villars, known to be the individual described in and who executed the foregoing instrument, and acknowledged before me this _18_ day of September 2019, who produced, as identification:

LD. V462 420 72 2850
Florida Driver License No.

MIRTA E. POCURULL
MY COMMISSION # FF985940
EXPIRES May 24, 2020
(407) 398-0153   FloridaNotaryService.com

_____ BY:_____   _____
NOTARY PUBLIC No.                         of the State of Florida          My Commission expires

[41] "prejudice against discrete and insular minorities may be a special condition, which tends seriously to curtail the operation of those political processes ordinarily to be relied upon to protect minorities, and which may call for a correspondingly more searching judicial inquiry." -*U.S. v. Carolene Products Co.*, 304 U.S. 144, 153 (1938).  See also U.S.C. Section 1983 -- Memorandum of Law - M5

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing was served by [specify method of service] on [date] on all counsel or parties of record on the Service List below.

**Secretary of the State of Florida**
**Mr. Halsey Beshears**
500 S Bronough St,
Tallahassee, FL 32399

**Steven & Goldstein, P.A.**
**for Buckley Towers Condominium Association**
2 University Drive, Suite 329
Plantation, FL 33324

**Mr. Leigh Katzman** of
Katzman Garfinkel, P.A. and
Katman Chandler P.A.,
1500 W. Cypress Creek Road,
Suite 408, Fort Lauderdale, FL 33309

**AKAM On-Site, Inc.,**
1815 Griffin Rd #101,
Dania Beach, FL 33004

**FirstService Residential,**
2950 N 28th Terrace,
Hollywood, FL 33020

**Unlimited Property Management**
7665 NW 50th St, Miami, FL 33166

Olesya Arkhipova -
1301 NE MIAMI GARDENS DR Unit 1115W  North Miami Beach, FL 33179
Mordechai Zarger -
1301 NE Miami Gardens Drive,Unit: PH5W
Liliana Calderon -
1301 NE Miami Gardens Drv. 316WMiami FL 33179
Iliana Muxo -t
1351 NE Miami Gardens Drv. unit 716E Miami FL 33179

Janvier Villars,
1301 NE Miami Gardens Drive, #322W
Miami, FL 33179
janvier269@gmail.com
(786) 609-1269

Ms. Lindaura Ramos,
1351 NE Miami Gardens Drive, #1412E
Miami, FL 33179
(305) 987-3960

September 20, 2019